**Mark William STANLEY, Plaintiff–Appellant,**

**v.**

**SUPERIOR COURT OF CALIFORNIA, South County Regional Center; et al., Defendants–Appellees.**

**No. 08–55752.**

United States Court of Appeals, Ninth Circuit.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 12, 2011.*

Filed July 25, 2011.

Mark William Stanley, San Diego, CA, pro se.

Attorney General CA, Esquire, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Mark William Stanley, a California state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging denial of access to courts and related state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Stanley's access-to-courts claim because an inmate's constitutional right to access the courts is limited to attacks on his or her conviction, sentence, or conditions of confinement. *See Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental

(and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original).

Stanley's remaining contentions are unpersuasive.

We assume that the district court declined to exercise supplemental jurisdiction over Stanley's state law claims after dismissing his § 1983 claim, and therefore construe the dismissal of these claims to have been without prejudice. *See* 28 U.S.C. § 1367(c)(3); *cf. Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1046 (9th Cir.1994) (requiring clarification on remand that dismissal based on declining supplemental jurisdiction was without prejudice).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.